NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

EVERT GEOVANY ARRIOLA-ROSALES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 17-71798

Agency No. A206-797-698

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2025[**]
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

Evert Geovany Arriola-Rosales, a native and citizen of El Salvador, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") affirming

the denial of his applications for asylum, withholding of removal, and protection

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

"When the BIA has reviewed the IJ's decision and incorporated parts of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). The agency's factual findings are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1.     "[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)). Under the REAL ID Act, an adverse credibility determination may be made after considering "the totality of circumstances, and all relevant factors." *Id.* at 1040 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Here, substantial evidence supports the IJ's adverse credibility determination, which was based on inconsistencies in Petitioner's testimony as to whether his family had problems with gang members, whether the soldiers searched him and the order of the events, and whether he filed a police report.

2.     Even assuming Petitioner's credibility, we find that substantial evidence supports the agency's determination that Petitioner failed to establish a

2

nexus between any harm and a protected ground. "An applicant who requests asylum or withholding of removal based on membership in a particular social group must establish that the group is: '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022) (quoting *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016)). Petitioner does not point to any evidence in the record showing that his proposed social groups are socially distinct in El Salvador. *See Diaz-Torres v. Barr*, 963 F.3d 976, 981 (9th Cir. 2020).

Moreover, the evidence in the record, including Petitioner's testimony, does not compel the conclusion that the harm he suffered at the hands of the soldiers and gangs, and the future harm he fears, are connected to his proposed social groups. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) ("A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal.").

3. Substantial evidence also supports the agency's denial of Petitioner's CAT claim because it was based on the same testimony that the agency found not credible, and Petitioner does not point to other evidence that would compel the conclusion that it is more likely than not that he would be tortured if he returned to El Salvador. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

3

4. The temporary stay of removal will remain in place until the issuance of the mandate, and the motion to stay removal (Dkt. No. 1) is otherwise **DENIED**.

**PETITION DENIED.**